# THIRD DISTRICT, 1901.

## T. J. and W. J. Moore v. J. Duff Brown, Sr., et al.

### Decided November 6, 1901.

**1.—Assignment—Fundamental Error.**

The proposition that the evidence required a verdict 'for appellant can not be raised as a fundamental error, not assigned on appeal.

**2.—Appeal—Error—Judgment Supported on Several Issues.**

Where there are two or more issues upon either of which the judgment may rest, and only one is complained of, the judgment will be sustained.

**3.—Charge—Omission.**

Omission or lack of fullness in the charge is not ground for reversal unless. instructions supplying the omission were requested.

**4.—Limitation—Fraud—Discovery.**

·Limitation will run against an action to enforce rights of creditors against property fraudulently conveyed, though they had not knowledge of the fraud,. if they might have obtained it by the exercise of reasonable diligence.

**5.—Charge—Noting Giving or Refusal.**

The refusal of a requested charge can not be considered as error where there. is nothing to show whether it was given or was refused.

**6.—Requested Instruction—Signature.**

A requested instruction should be signed by the party or his attorney.

Appeal from Llano.   Tried below before Hon. M. D. Slator.

*Flack & Dalrymple* and *West & Cochran,* for appellants.

*Chas. L. Lauderdale,* for appellees.

FISHER, Chief Justice.—The appellants sued the appellees in tres- pass to try title for the west 26 feet of lot 20 in block 16 of the town of ·Llano.   The defendant, J. Duff Brown, disclaimed, except as to the in-

terest of a vendor's lien in the property in controversy; and A. P. Brown plead not guilty, and the statutes of three, five, and four years limitation.

Upon the trial of the case below verdict was in favor of the defendants, upon which judgment was rendered to the effect that plaintiffs take nothing by their suit, and that the defendants go hence with their costs, etc.

It appears from the facts that on the 15th of October, 1894, J. Duff Brown, who was then indebted to appellants, executed to A. P. Brown a deed conveying the property in controversy. Thereafter the appellants obtained a judgment upon their indebtedness due by J. Duff Brown, caused execution to be issued and levied upon the property in controversy, and bought the same in at sheriff's sale, for which a deed was executed and delivered to them. The appellants contended that the deed from J. Duff Brown to A. P. Brown was fraudulent and void as to appellants and other creditors of J. Duff Brown because it was executed with intent to defraud such creditors,—J. Duff Brown at the time being insolvent.

The contention of the appellee A. P. Brown is, that at the time the deed was executed the property in controversy was a part of the business homestead of J. Duff Brown, and was not subject to the claims of creditors; and that since the date of the execution of his deed he has held actual and adverse possession of the property in controversy under said deed, which was recorded on the 30th of October, 1894, and during that time paid the taxes on said property.

The court submitted the issues as above outlined to the jury, with the exception of the four years statute of limitation.

There is some evidence in the record bearing on the homestead issue, and much evidence tending to establish that A. P. Brown was in actual possession of the property, paying taxes thereon for more than five years from the date of his purchase to the filing of this suit in the court below. There is no assignment of error in the record complaining of the verdict of the jury not being sustained by the evidence on the issue of limitation; nor is there any assignment complaining of the action of the court in submitting that issue to the jury; nor are there any assignments of errors complaining of the action of the court in submitting the issue of business homestead to the jury; but there is, in the brief of appellants, an assignment of what is termed fundamental error, which is as follows: "The undisputed evidence in this case shows that at the time that Brown, Sr., conveyed his property to his son, that the same was no part of the business homestead, or had been used as such or was necessary to its use, and that the conveyance from father to son was in fraud of creditors; and hence the court erred in not charging the jury to find for the appellants." The propositions submitted under this assignment are as follows: "1. The undisputed evidence in this case shows that the property in controversy was not the homestead of J. Duff Brown, Sr., at the time of its purported conveyance to his son. 2. The

undisputed evidence in the case shows that the title to the property in controversy is really in Brown, Sr., and that the deed from father to son was a mere device to withdraw the property from the reach of creditors of Brown, Sr."

In view of what is apparent upon the face of the record, it is clear that no fundamental error in the judgment of the court is shown. That judgment rests upon two theories,—one, homestead, and the other limitation. There being evidence on the issue of limitation and no complaint whatever made as to the action of the court in submitting that issue in its charge to the jury, nor any objection to the verdict and judgment on the ground that it is not supported by the evidence, we must take that issue as being established; and, if such is the case, the judgment of the court may rest upon it. Walker v. Cole, 89 Texas, 325.

Where there are two or more issues upon either of which the judgment may rest and only one is complained of, the judgment may rest upon the others, if they are supported by pleading and any evidence tending to establish them. Walker v. Cole, supra. The defect in the judgment pointed out, in our opinion, can not be raised in this case by fundamental error, also for the reason that there is some evidence tending to establish the homestead issue. There being some evidence upon the issues of limitation and homestead, and there being no complaint of the sufficiency of the evidence upon these points, or of the action of the court in submitting these issues to the jury, we will, for the purposes of this appeal, consider that these issues are established.

There as some assignments of errors addressed to the charge of the court, not so much as to what the court did charge, but to the effect that the charge was not as full as it should have been on certain of the issues submitted to the jury. If the charge in this respect may be subject to criticism, it consists in omissions, which should have been supplied by proper charges requesting that the issues be more fully submitted, which was not done in this case.

It appears from the record that the appellants requested two special charges, and complaint is made in the assignments of errors that the court erred in refusing to give these charges. The court did, in effect, give the first special charge requested. The second special charge is not an accurate statement of the law. Limitation would not only run against the appellants from the time that they had notice of the fraudulent intent of J. Duff Brown in making the sale to his coappellee, A. P. Brown, but would run from the time notice or knowledge could have been obtained of that fact by the exercise of ordinary diligence. This last proposition was not embraced in the special instruction. But we can not tell from the record what was the action of the court as to these special instructions. It does not appear whether they were refused or given. From aught that appears, the court may have given these charges. Such being the case, any supposed action of the court in refusing them can not be the basis of an assignment of error. Hodde v.

Susan, 63 Texas, 310.  The second instruction is also objectionable, for the reason that it is not signed by the party or his attorney.  Redus v. Burnet, 59 Texas, 581; Houston v. Blythe, 60 Texas, 513.

We find no error in the record, and. the judgment is affirmed.

*Affirmed.*