EDWARDS v. CLEMMONS et al.
(No. 1533½.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 15, 1915. Rehearing Denied Jan. 6, 1916.)

1. HOMESTEAD ⟨Key⟩154—LOSS OF RIGHT—USE AND OCCUPANCY.

An instruction, in effect, that one lost his homestead if he ceased to use or ceased to occupy the property as a homestead, is erroneous; either use or occupancy being sufficient to maintain it.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 307; Dec. Dig. ⟨Key⟩154.]

2. HOMESTEAD ⟨Key⟩181 — CONTINUANCE OF RIGHT—USE OF LAND.

Evidence that one cultivated part of the land each year and used a part of it for pasture is sufficient to authorize a finding that he was continuing to make a homestead use of it.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. ⟨Key⟩181.]

3. TRIAL ⟨Key⟩255—INSTRUCTIONS—NATURE OF ERROR—REQUEST FOR INSTRUCTION.

It is not an error of omission, requiring a request for a special charge to cure it, but one of affirmative misdirection, for an instruction, contrary to the law, to make continuance of defendant's homestead right depend on his occupancy, which had admittedly ceased.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. ⟨Key⟩255.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Ann Clemmons and another J. S. Edwards. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Young & Young, of Marshall, for appellant. R. A. Sexton, of Marshall, for appellees.

HODGES, J. The appellee Ann Clemmons, joined by her husband, John Clemmons, sued the appellant in an action of trespass to try title for possession of 100 acres of land situated in Harrison county. In the agreed statement presented in the record it is shown that the land in controversy formerly belonged to Jane Edwards, the deceased wife of the appellant; that after her death the appellant continued to reside upon the land for about two years, when he married a second wife, who owned a tract of 50 acres about a mile distant. He then moved to the home of his present wife, where he has since resided. Jane Edwards left no children, and her only heir was the appellee Ann Clemmons, a niece. In a trial before a jury judgment was rendered in her favor for one-half of the land, and in favor of the appellant for the other half. The jury also found that the appellant had no homestead rights in the land.

It is conceded· that the evidence supports the finding of the jury upon all the issues except that of homestead. The appellant testified, in substance, that the two places were about a mile apart. After he married his present wife, which was about two years after the death of his wife Jane, he moved to the place of his second wife, because it had on it a better house. He has cultivated parts of the 100 acres every year since, and each year has rented a part of it to tenants. He used the rents to support his family. He also used a part of the 100-acre tract for pasture every year since he left it. He drove his cattle back and forth. There was other testimony offered by the appellees tending to show that he had rented the land to tenants continuously since his last marriage. The court gave as a part of his main charge the following:

"You are instructed that the surviving husband has the right to the homestead, and it cannot be partitioned so long as he may choose to use and occupy it as such. In this connection you are charged that if the surviving husband ceased to use or occupy the property in controversy as a homestead, then the same would be subject to partition among the heirs of the deceased wife, and the plaintiff would be entitled to recover her interest in said land and have the same partitioned and set apart to her, provided you further find that the plaintiff is a niece of Jane Edwards, deceased."

[1] It is contended that the charge quoted above was erroneous because:

"Same makes the exemption depend on the question of whether the defendant lived on or occupied the land in controversy, when exemption depends upon whether the land was used as a homestead, regardless of whether he lived on it."

The charge is, we think, subject to the criticism. It in effect tells the jury that the appellant lost his homestead right if he ceased to use or ceased to occupy the property as a homestead. This is not the law, as determined by the courts of this state. Either use or occupancy is sufficient. Autrey v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080, and cases there cited.

[2] In reply to the assignment raising this question the appellees insist that the evidence did not raise the issue of homestead; that as a matter of law it was insufficient to support any judgment other than that which was rendered. We do not agree to that con-

tention. If the appellant, as he says he did, cultivated a part of the land each year and used a portion of it for pasture, that would be sufficient to authorize the jury to find that he was continuing to make a homestead use of the land.

[3] It is also contended that the error, if any, is one of omission, and was waived by the failure of the appellant to request a special charge curing the defect. We are unable to appreciate the force of that contention. The charge was an affirmative misdirection in giving the jury the legal test for deciding that issue. They could not have found a different verdict under that instruction, because it was admitted that appellant had ceased to occupy the premises.

The remaining assignments of error are overruled; but for the error discussed the judgment will be reversed and the cause remanded.