## MOGLIA v. RIOS et al. (No. 5971.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1918.)

1. APPEAL AND ERROR &#9758;882(11) — INVITED ERROR—SUFFICIENCY OF EVIDENCE.

A party requesting the submission of an issue to the jury could not assail the finding of the jury for want of evidence to support it, as, having taken the stand that there was evidence requiring the submission of the question, he could not complain of such submission directly or indirectly.

2. FRAUDULENT CONVEYANCES &#9758;298(1), 301(1) — SUFFICIENCY OF EVIDENCE — FRAUDULENT INTENT—KNOWLEDGE OF GRANTEE.

In trespass to try title by one who purchased at a sale under a judgment against defendant's grantor, evidence held insufficient to show that the conveyance to defendant was made to defraud creditors or that defendant had knowledge of his grantor's fraudulent intent.

3. FRAUDULENT CONVEYANCES &#9758;156(2) — KNOWLEDGE OF GRANTEE—WHAT CONSTITUTES KNOWLEDGE.

A grantor's statement to his grantee in which he described an indebtedness owed by him as about $400, and stated that the creditor had security on about 400 acres of land in another county, was not sufficient to apprise the grantee of the grantor's intent to hinder and delay the creditor in the collection of the debt, in the absence of any knowledge on the grantee's part that the debt was due and that the creditor was pressing for payment.

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Suit by Lod Moglia against Antonio Rios and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Greer & Hamilton, of Laredo, for appellant. S. H. Woods, of Alice, and Hicks, Phelps, Dickson & Bobbitt, of San Antonio, for appellees.

MOURSUND, J. This is a suit by Lod Moglia in trespass to try title to recover 640 acres of land in Duval county from Antonio Rios, his wife, Paula Zuniga De Rios, Epifania Martinez Zuniga, Ramon Zuniga, Savas Zuniga, and Jose Zuniga. During the trial plaintiff in open court abandoned his suit as to 200 acres claimed by Rios and wife as a homestead, and the trial proceeded as to 440 acres claimed by the defendants other than Antonio Rios, they being the widow and children of Pioquinto Zuniga, to whom such land had been conveyed by Rios and wife on January 8, 1914. Plaintiff's claim to the land

is based upon a sheriff's deed, dated December 1, 1914, made by virtue of an alias execution issued out of the district court of Webb county on a judgment in favor of plaintiff against Rios and Esteben Leal for $856.87, in which an attachment lien was foreclosed against the land in controversy herein. The attachment was levied on January 15, 1914; the judgment obtained on May 4, 1914.

The cause was submitted upon a charge requested by plaintiff in which the issue left to the determination of the jury was whether Rios conveyed to Zuniga for the purpose of hindering and delaying plaintiff in the collection of his debt and whether Zuniga bought with knowledge of such intention. The jury returned a verdict in favor of defendants and judgment was entered in accordance therewith.

[1] Appellant presents three assignments of error, in all of which it is contended that there is no evidence to support the verdict and judgment. As appellant requested and induced the court to submit the issue, thus taking the stand that there was evidence which required the submission thereof, he is in no position to complain of the charge directly or indirectly by contending there was in fact no testimony which would justify the submission of the issue. Having invited the submission of the issue, plaintiff is in no position to assail the finding of the jury. S. W. Tel. Co. v. Sheppard, 189 S. W. 799, and authorities therein cited.

[2, 3] However, we find the verdict was justified, if not absolutely required, by the testimony. The burden rested upon plaintiff to establish the facts relied upon to set aside the Zuniga deed. Plaintiff sought to show Rios' fraudulent intent and Zuniga's knowledge thereof by the testimony of Rios alone. Such testimony did not disclose that Rios was insolvent on January 8, 1914. It merely showed that at that time he, together with Leal, owed the debt recovered upon by Moglia, and that he owned, in addition to the section of land in Duval county, one-half of a survey of 671 acres in Webb county and a survey of 53.5 acres, also in Webb county. The value of this land on January 8, 1914, is not shown. It is further shown that Leal, who was jointly liable with Rios to Moglia for the debt recovered upon in Webb county, owned the other half of the 671-acre survey in Webb county, and that such land was subject to Moglia's debt is inferable from the fact that it was sold in satisfaction thereof, together with Rios' Webb county lands. The evidence failed to show that Rios owed any one besides Moglia, and failed to show that the real estate attached constituted all of the property owned by him. It is not shown that Zuniga knew the extent of Rios' indebtedness, for, in referring thereto in the presence of Zuniga, Rios assumed that he only owed half of the debt, and described it as "some four hundred and odd dollars," and stated that Moglia had security on "some four hundred and odd acres in Webb county." Surely this statement was not sufficient to apprise Zuniga of an intent to hinder and delay Moglia in the collection of his debt. There is no evidence to show that Zuniga knew Moglia's debt was due, and that he was pressing Rios for payment thereof, if those facts can be inferred from the fact that an attachment was levied on January 15, 1914. It appears from Rios' testimony that the notary public who prepared the deed to Zuniga told Rios in Zuniga's presence that he could hold 200 acres as a homestead, and such testimony is strongly relied upon by plaintiff. The fact that such a statement was made indicates that a conversation might have occurred which would cast light upon the issue submitted to the jury, but plaintiff did not produce the testimony of the notary public, and Rios did not testify to any question on his part calling for such an answer, which would have apprised Zuniga of an intent on his part to defraud his creditors.

The plaintiff failed to discharge the burden resting upon him to show facts which would be sufficient as against Zuniga to set aside the deed to him, and therefore sufficient to recover the land from his widow and children.

The judgment is affirmed.