LEWIS et al. v. PITTS et al.    (No. 236.)*

(Court of Civil Appeals of Texas.    Waco.
May 21, 1925.    Rehearing Denied
July 6, 1925.)

1. **Husband and wife ⟾264—Only slight evidence required to show property purchased by husband immediately after marriage is separate estate.**

Only slight evidence is required to show that property purchased by husband immediately after marriage is his separate estate.

2. **Husband and wife ⟾264 — Finding, that land purchased by husband shortly after marriage was from his separate funds, sustained.**

In suit to determine claim of children, by man's first wife, where property purchased by him shortly after first marriage, was community property, evidence *held* to sustain finding that land was paid for by his separate funds.

3. **Appeal and error ⟾1062(2)—Refusal to submit issue not open to complaint, where that submitted was not objected to.**

In suit involving interest of widow in homestead, refusal to submit issue of whether she used and occupied land as homestead *held* not open to objection, where issue of abandonment as submitted by court was not objected to.

4. **Homestead ⟾216—Instructions on question of abandonment of homestead held erroneous.**

In suit presenting issue of abandonment of homestead by widow, instruction requiring finding in support of issue of use and occupation of homestead that widow be at present head of a family, and that she use and occupy land in question, *held* erroneous, in view of Const. art. 16, § 52, forbidding partition of homestead during lifetime of survivor, regardless of whether she be head of family or not, and since both use and occupancy are not required.

5. **Homestead ⟾216 — Legal definition of "abandoned" should have been requested, if desired.**

In determination of homestead rights, proper legal definition of "abandoned," as applied to relinquishment of rights, should have been prepared and requested given, if desired.

6. **Appeal and error ⟾759—Assignment of errors, not copied in brief, considered abandoned.**

Under rule 32 for Courts of Civil Appeals, assignments of error, not copied verbatim into brief of appellant, should be considered abandoned.

7. **Homestead ⟾181½ — Abandonment of homestead by widow not shown as matter of law.**

Where 77 year old widow could no longer work farm claimed as homestead, and being dependent on income for support, was obliged to rent it and single dwelling contained thereon, and resided short distance away where she could visit farm, there being no show of specific intention of never residing there again, evidence *held* not to show abandonment by her as a matter of law, but question was for jury.

8. **Abatement and revival ⟾12—Courts ⟾493(3)—Federal court will not usurp jurisdiction of state court already acquired in suit involving title to land.**

In view of Rev. St. arts. 2172–2177, making litigation involving title to land a proceeding in rem, of which state court secures jurisdiction on filing of suit, action in federal court subsequent to that in state court involving title would not defeat jurisdiction of state court, and subject action thereon to plea in abatement.

9. **Action ⟾60—Severance of suit into two actions not abuse of discretion.**

Where suit was brought to foreclose vendor's lien securing note, and defendant impleaded by cross-action all claimants to land, alleging that if their claims were correct there was failure of consideration, severance of suit to recover on vendor's lien note, from contest between claimants to land, *held* not abuse of discretion, in absence of any show of injury.

10. **Continuance ⟾7—Motion for continuance discretionary.**

Motion for continuance, which is not a statutory one, is addressed to discretion of court.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by D. D. Pitts and others against Mrs. F. A. Lewis and others. Decree for plaintiffs, and defendants appeal. Affirmed.

Slay, Simon & Smith and Chas. B. Stewart, all of Fort Worth, and Troy Lewis, of Little Rock, Ark., for appellants.

Walker & Baker, of Cleburne, for appellees.

GALLAGHER, C. J. This suit involves primarily a contest between the children of Louis Goen, deceased, by his first wife and his children by his second wife over their respective interests in that part of his estate which was set aside by the probate court as a homestead of his surviving widow and minor children. There is also involved an issue of charging certain of his children with advances made by him to them during his lifetime, and a further issue of whether his widow has abandoned the homestead and rendered the same subject to immediate partition between the heirs. The other issues involved relate principally to matters of procedure.

Louis Goen married Elizabeth, his first wife, in Washington county, Tex., on October 27, 1853. He, jointly with one Thompson, received a deed to 640 acres of land in Johnson county. Said deed was dated November 7, 1853. He moved onto said tract shortly after its purchase, living first in a tent. He continued to live thereon until his death, which occurred in 1883. Subsequent to his purchase he received from said Thompson a deed to 320 acres out of the 640 so purchased. The remaining 320 acres of said tract was controlled and disposed of by said Thompson

or his heirs, though no deed from Goen to Thompson was introduced in evidence. The land in controversy consists of 200 acres and is a part of the Goen 320-acre tract. Louis Goen's first wife having died, he married Emily, his second wife, September 3, 1868. She is still living. Some time after his death she married a man named Schrader, but he died long ago, and no issue in this case is affected by her second marriage.

Louis Goen had five children by his first wife and five children by his second wife. All of them survived him. The children of the first marriage were Mrs. F. A. Lewis, née Goen, Mrs. Mary A. Kelly, née Goen, Printis M. Goen, Mrs. Lula Harrell, née Goen, and Stanford Goen. Of these five, Mrs. Lewis and Mrs. Kelly were the only ones living at the time of the trial, but the three that were dead were represented by their respective heirs. All of them were parties to the suit, and are parties to this appeal.

The children of the second marriage were George J. Goen, J. C. Goen, Mrs. Lillie E. Sandusky, Miss Clara I. Goen, and Joel Addison Goen. Joel Addison Goen died after his father, unmarried and intestate. George J. Goen and J. C. Goen sold and conveyed all their interest in the land in controversy to D. D. Pitts, and he conveyed the same to his wife, Mrs. Maude Pitts. The plaintiffs in this suit in the court below were said D. D. Pitts, Mrs. Maude Pitts, Miss Clara I. Goen, and Mrs. Lillie Sandusky, joined by her husband. All the surviving children of the first marriage and the heirs of those deceased were defendants in the court below. Some of the parties plaintiff herein having filed pleadings making Mrs. Emily Schrader, the surviving widow, a party to this suit, she, instead of answering herein, filed a petition of intervention in the court below.

The case was submitted to a jury on special issues, which issues, with the answers of the jury thereto, respectively, were as follows:

"First. Do you find from the evidence that the land in question was purchased with the individual funds of Louis Goen?" Answer: "Yes."

"Second. What was the reasonable cash market value of the entire estate of Louis Goen at the time he made the advancements to Mrs. M. A. Kelly and Print M. Goen?" Answer: "$3,500."

"Third. Has Mrs. Emily B. Schrader abandoned the land in controversy as her homestead?" Answer: "No."

Based on said verdict of the jury and on additional findings of fact by the court, none of which additional findings are assailed in this appeal as incorrect, in fact, the court rendered judgment declaring that Mrs. Schrader, the surviving widow, had not abandoned the use or occupancy as a homestead of the 200 acres of land herein involved, declaring that advancements made by the deceased, Louis Goen, in his lifetime to his children, Mrs. Mary A. Kelly and Print M. Goen, exceeded their interest in his estate at the time of his death, and that they were not entitled to any part of the tract of land here involved as heirs of their said father, but that they were entitled to an interest therein as heirs at law of their deceased half-brother, Joel Addison Goen, establishing the interest of each of the parties to this suit in said tract of land in accordance with such verdict and finding, and awarding to each a recovery of his or her respective interest therein, subject to the homestead rights of Mrs. Schrader, and providing that no writ of possession or partition should issue in such manner as to disturb Mrs. Schrader in the enjoyment of her homestead rights as long as she shall continue to use said land as a homestead. Appellants were defendants in the court below. They present the case for review in this court on 23 points or propositions.

Appellants requested the court to charge the jury to find that the land involved herein was the community property of Louis Goen and his first wife. They also requested the court to submit the issue of separate or community ownership to the jury for determination in the identical language of the first issue submitted by the court in his charge. They here complain of the refusal of said requested charge, and assert that the answer of the jury to said first issue is without any support in the evidence. Appellees insist that appellants should not be heard to complain of the refusal of said special charge because the same was not signed by them or their counsel. There is authority in support of such insistence. Smith v. Fordyce (Tex. Sup.) 18 S. W. 663, 665, and authorities there cited; Moore v. Brown, 27 Tex. Civ. App. 208, 64 S. W. 946, 947; First Nat. Bank v. Patterson (Tex. Civ. App.) 185 S. W. 1018, 1019.

So far as shown in the record, the request for such peremptory charge and the request for the submission of said first issue to the jury for a finding were presented to the court at the same time, without indicating that the request for the submission of such issue was to be considered only in event such peremptory charge was refused. No objection was made by appellants to the charge of the court submitting issues to the jury. Appellees insist that appellants are, on that account, not in a position to complain of the refusal of said special charge or the submission of said issue to the jury for a finding. Appellees' contention is supported by the following cases: Alamo Oil & Refining Co. v. Curvier (Tex. Civ. App.) 136 S. W. 1132, 1133 (writ refused); Southwestern States Portland Cement Co. v. Young (Tex. Civ. App.) 140 S. W. 378, 381 (writ refused); Alamo Dressed Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721, 722, 723 (writ refused).

Appellees also insist that appellants having requested the court to submit the issue of separate ownership of the land by Louis Goen in the identical language used by the court in submitting the same, they are estopped to assail the verdict of the jury in response to the issue so submitted on the ground that it is without support in the evidence. This contention is supported by numerous authorities. Gosch v. Vrana (Tex. Civ. App.) 167 S. W. 757, 760 (writ refused) ; Sanford v. Nueces River Valley R. Co. (Tex. Civ. App.) 143 S. W. 329; Moglia v. Rios (Tex. Civ. App.) 200 S. W. 1133, 1134; Dallas Hunting & Fishing Club v. Nash (Tex. Civ. App.) 202 S. W. 1032, 1033, 1034; Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011, 1015; Poindexter v. Receivers of Kirby Lumber Co.. 101 Tex. 322, 326, 107 S. W. 42; Alamo Oil & Refining Co. v. Curvier, supra; Hill County Oil Co. v. Gathings (Tex. Civ. App.) 154 S. W. 664, 668 (writ refused), and authorities there cited; Southwestern States Portland Cement Co. v. Young, supra.

[1, 2] We have, however, examined the facts, and are of the opinion that there is sufficient evidence to sustain the verdict that said land was paid for with the individual funds of Louis Goen, as found by the jury. The deed conveying said land to Louis Goen and said Thompson recited a cash consideration of $640. It was dated 10 days after his marriage in Washington county. He was a blacksmith and farmer. There is testimony tending to show that he started to Johnson county, where this land was situated, immediately after his marriage, and that considerable time was required to make such a journey with the means of travel then available. There is nothing tending to show that it was even probable that he could have earned his half of the purchase price paid for said land between the time of his marriage and the date of said deed. He died some 16 years after the death of his first wife, and after his death all of said land was treated as his separate property in the administration of his estate. The 200 acres here involved were set aside as a homestead for the second wife and minor children. The remainder of the tract was sold in due course of administration to pay debts owed by him at the time of his death. A small surplus was divided between his heirs and accepted by them as though the same were the separate property of the deceased. Four of the children of the first wife, two of whom are still living and appellants in this case, were of age at that time; their ages being 24 years, 26 years, 28 years, and 31 years, respectively. They acquiesced in the selling of the 120 acres of land, the application of the proceeds of such sale to the payment of debts of the second marriage, and the division of the surplus proceeds upon the basis aforesaid, and also in the setting aside of the homestead to the second wife

out of the property as a whole, without asserting any claim that their deceased mother had a community interest in said land and that they had inherited the same from her at her death. The first assertion shown by the record of any claim on the part of any of the appellants that said 320 acres of land was community property of the first marriage seems to have been made in 1919, some 36 years after the death of Louis Goen, and apparently after all witnesses having personal knowledge of the facts concerning the purchase of said land and the payment of the consideration therefor had passed away. Under the authorities, only slight evidence is required to show that property purchased by the husband immediately after the marriage is his separate estate. Duke v. Reed, 64 Tex. 705, 714, 715; Watts v. Miller, 76 Tex. 13, 16, 13 S. W. 16; McDougal v. Bradford, 80 Tex. 558, 564, 16 S. W. 619; Medlenka v. Downing, 59 Tex. 32, 37; Riddle v. Riddle (Tex. Civ. App.) 62 S. W. 970.

[3, 4] Appellants requested the court to charge the jury peremptorily that Mrs. Emily Schrader, the surviving widow of Louis Goen, had, as a matter of law, abandoned the property in question as a homestead. This charge was refused. They also requested the submission of the following issue and explanatory charge accompanying the same:

"Does the intervener, Mrs. Emily B. Schrader, use and occupy the land in question as her homestead? Answer: ———:

"You are instructed in connection with this question: First, that you must find that Mrs. Emily B. Schrader is now the head of a family; second, that she now uses, occupies, and enjoys the land in question as her homestead, and that she occupies the same. The burden of proof is upon the plaintiffs to prove by a preponderance of the evidence the affirmative of this issue."

[5] The court refused to submit the same to the jury. The question of abandonment was submitted by the court in the third issue of his charge, as hereinbefore shown. Appellants did not make any objection to such charge. Having failed to object to the charge of the court, appellants' complaint of the issue actually submitted is without merit. Appellants' requested issue and explanatory charge made a part thereof were both erroneous and the court did not err in refusing the same. Our Constitution provides that, upon the death of the husband or wife, the homestead shall not be partitioned among the heirs of the deceased during the lifetime of the survivor, or so long as such survivor may elect to use or occupy the same as a homestead. Constitution, art. 16, § 52. This exemption from partition continues regardless of whether the survivor is the head of a family or not. Eubank v. Landram, 59 Tex. 247, 248. Both use and continuous occupancy are not required. Edwards v. Clemmons (Tex. Civ. App.) 181 S. W. 840, and authorities

there cited. If appellants desired a proper legal definition of "abandoned" as applied to relinquishment of homestead rights, they should have prepared and requested a charge properly defining that term. G. H. & S. A. R. Co. v. Sullivan, 53 Tex. Civ. App. 394, 115 S. W. 615, 618, 619 (writ refused); G. H. & S. A. R. Co. v. Harper, 53 Tex. Civ. App. 614, 114 S. W. 1168, 1169, 1199 (writ refused); Elmberg v. Dunlap Hardware Co. (Tex. Com. App.) 267 S. W. 258, and authorities there cited.

[6, 7] Appellants, in the twelfth proposition in their brief, complain of the refusal of their requested instruction that Mrs. Schrader had, as a matter of law, abandoned the property in question as a homestead, and state that the same is based on their twelfth assignment of error. No such assignment is copied in their brief, but such an assignment of error does appear under that number in their motion for new trial shown by the transcript. Rule 32 for Courts of Civil Appeals requires the brief of appellant to contain verbatim copies of such assignments of error filed in the trial court and reproduced in the transcript as may be relied on in the appeal. While said rule does not say so in express terms, we think it necessarily implies that all assignments not copied in the brief are not relied on, but should be considered abandoned. The omission of this assignment from the brief appears, however, to have been probably an oversight.

We have examined the facts, and are of the opinion that an abandonment of homestead rights was not shown as a matter of law. Mrs. Schrader was shown to be 77 years of age at the time of the trial. She was in feeble health and physically unable to attend the trial to testify in her own behalf, so her evidence was presented by deposition. The income from the place was her sole means of support. She resided on the farm many years after her husband's death. When the last of her sons left the farm, she was unable to personally cultivate or cause the same to be cultivated, and was compelled by force of circumstances to rent it. There was only one dwelling house and it was necessary to surrender the same for use by the tenant. She did not leave the farm with the specific purpose never to reside there again, nor was such intention on her part shown to have existed at any time since her removal. At one time she bought a small place in Grandview, near the farm in question, and occupied the same with her unmarried daughter, but shortly after purchasing the same, and before the issue of abandonment arose, she conveyed the same to her said daughter out of consideration for the continued care bestowed on her by such daughter, as well as the fact that her said daughter would be homeless at her death. She now lives with said daughter on this place. It was selected originally because it was close enough to the farm to enable her to visit the same occasionally. She now goes in person upon the farm every two or three weeks when the weather is suitable for the trip. Notwithstanding a considerable period of time has elapsed since she has actually resided upon said farm, we think the issue of abandonment was, under the evidence, clearly a question of fact for the jury. Foreman v. Meroney, 62 Tex. 723, 726–728; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080, 1082, 1083 (writ refused); Powell v. Naylor, 32 Tex. Civ. App. 340, 74 S. W. 338 (writ refused); Sykes v. Speer (Tex. Civ. App.) 112 S. W. 422, 426; Id., 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Baum v. Williams, 16 Tex. Civ. App. 407, 41 S. W. 840 (writ refused); Edwards v. Clemmons, supra.

[8] Appellants complain of the action of the court in overruling their plea in abatement. This plea was based on the alleged pendency of a suit between the same parties, involving the same issues and subject-matter, in the District Court of the United States for the Northern District of Texas at Dallas. Said plea in abatement was not supported by proof. There was no express admission that the allegations contained therein were true, but it seems that such allegations were tacitly treated as true by the court and the parties at the time such plea was acted upon. Appellees filed an answer to said plea, setting up the history of the litigation, which we do not deem necessary to set out in detail. For the purposes of this opinion, it is sufficient to say that the gist of said reply was that this suit was filed prior to the filing of said suit in the federal court; that prior to the filing of such suit in said federal court the appellees, by appropriate pleadings filed herein, had invoked the jurisdiction of the district court of Johnson county to determine the title to the real estate in question, and to determine the interests of the respective parties to this suit in such real estate, and to establish such interests by judgment of the court. The trial court found that the allegations of said answer were true.

A suit to determine title to real estate and to establish such title by judgment has been held by our Supreme Court to be a proceeding in rem. Hardy v. Beaty, 84 Tex. 562, 568, 569, 19 S. W. 778, 31 Am. St. Rep. 80. Subsequent to such holding of the Supreme Court, the Legislature of this state enacted a law providing that an action may be brought and prosecuted to final judgment by any person claiming a right to or interest in any property situated in this state, against any person or persons who are nonresidents of this state, and who claim an adverse interest therein; that citation may be made by publication; and that the judgment rendered in such action shall be binding on the parties thereto. R. S. arts. 2172 to 2177, inclusive. No form of seizure of such property by any process of court is required by the terms of said law, and the same is therefore in effect

(275 S.W.)

a legislative declaration that litigation over the title to property situated in this state is a proceeding in rem without actual seizure thereof, and that the jurisdiction of the court over such property attaches when suit is filed' and an issue of title raised by the pleadings therein. We do not attach any importance to the fact that since the institution of this suit certain parties have been eliminated and possibly a party added. Since the filing of appellees' cross-action at the beginning of this litigation, this suit has involved an issue of title to an undivided interest in the land·in question asserted by appellees, and which interest they sought to have established by judgment of the court in this cause. This interest is denied in part by appellants. When a proceeding is in rem and the jurisdiction of a state court has actually attached, a federal court will not exercise its jurisdiction over the same property to defeat or impair the jurisdiction of the state court. The jurisdiction of the district court of Johnson county attached before the filing of the suit in the federal court at Dallas. Kline v. Burke Const. Co., 260 U. S. 226, 43 S. Ct. 79, 81, 67 L. Ed. 226, 24 A. L. R. 1077; Lewis v. Schrader (D. C.) 287 F. 893, 895, par. 2. See, also, I. & G. N. R. Co. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292. Such jurisdiction was not defeated because appellants asked for more extended relief in their suit subsequently filed in the federal court.

[9] When George J. Goen sold and conveyed his interest in the land in question to D. D. Pitts, he received as a part of the consideration a vendor's lien note. This litigation originated in a suit brought by said Goen against said Pitts and wife to recover on said note and foreclose said lien. Pitts answered, in substance, that, when he bought said land, said Goen represented to him that said land was the separate property of Louis Goen, deceased, and that he had a one-ninth interest therein as heir of Louis Goen, in addition to a right to have his share in said land augmented by reason of certain advancements made by said Louis Goen to some of his other children.

He also alleged that since said transaction of purchase he had learned that the children of Louis Goen by his first wife were claiming that said land was community of the first marriage, and that said George J. Goen, who was a child of the second marriage, had only one-eighteenth interest therein. He alleged that, if said contention were true, the consideration for the note sued on had failed.

To determine this issue, Pitts, by cross-action, impleaded all the heirs of ·Louis Goen. The fact that Joel Addison Goen survived his father and that Mrs. Schrader inherited an interest in fee in the land from him seems to have been overlooked, but said fact having been set upon the pleadings of some of the parties to the suit, she intervened in her own right.

Appellants pleaded misjoinder of parties and causes of action. The court of his own motion severed the cause of action seeking a recovery on the vendor's lien note and a foreclosure of the vendor's lien from the remainder of the case. The result of such severance was to leave a contest between Mrs. Schrader and her children and their vendees, on one side, and appellants, heirs of the first marriage, on the other. This suit the court ordered docketed under a new number. It was wholly immaterial whether this controversy was given a new number or continued under the old number. Appellees were asserting the separate ownership of Louis Goen and asking affirmative relief by judgment establishing their rights on that basis. Appellants were denying the facts affirmed by appellees. No substantial injury of any kind is shown to have resulted from the order of severance. The matter of severance is within the sound discretion of the trial court, and will not be reviewed unless it appears that the court abused such discretion and that the complaining party suffered injury as a result thereof. Smith v. Bunch, 31 Tex. Civ. App. 541, 73 S. W. 559, 562 (writ refused), and authorities there cited. We cannot say that the trial court in this case abused his discretion in directing the severance complained of.

[10] Appellants filed a motion for a continuance, which the court overruled., The motion was not a statutory one, and was therefore addressed to the sound discretion of the court. T. & P. Ry. Co. v. Hall, 83 Tex. 675, 678, 679, 19 S. W. 121; T. & P. Ry. Co. v. Hardin, 62 Tex. 367, 369, 370. The court qualified appellants' bill of exception by reciting facts tending to show that the motion was without substantial merit. We cannot say that the court abused his discretion in overruling said motion.

We have carefully examined the several propositions advanced by appellants which are not herein specifically discussed, and, after due consideration, they are severally overruled.

The judgment of the trial court is affirmed.