GOSCH et al. v. VRANA. (No. 5268.)

(Court of Civil Appeals of Texas. San Antonio. May 13, 1914. Rehearing Denied June 10, 1914.)

1. EXECUTION (§ 271*) — SALE — TITLE AND RIGHTS OF PURCHASER.

A purchaser at an execution sale has a superior title to the heirs of a grantee who claim under a prior unrecorded deed.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 769–780, 782; Dec. Dig. § 271.*]

2. VENDOR AND PURCHASER (§ 228*)—BONA FIDE PURCHASER—NOTICE.

A vendee who purchases land with notice that a lease exists and that his vendor is holding as a tenant under a third party is in no better attitude in respect to such lessor than his vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. § 228.*]

**3. VENDOR AND PURCHASER (§ 230*)—BONA FIDE PURCHASER—NOTICE.**

Where a deed of trust was expressly made a part of a deed and the deed of trust expressly recited that plaintiffs claimed a portion of the land conveyed, the grantee in the deed was put upon notice of the claims of plaintiffs as to the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

**4. APPEAL AND ERROR (§ 882*)—REVIEW—ESTOPPEL TO ALLEGE ERROR.**

Where appellants requested the submission of an issue, they cannot be heard to assert that there is no evidence to sustain the finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

**5. APPEAL AND ERROR (§ 1062*)—REVIEW—HARMLESS ERROR.**

Error in submitting an issue, as to which it was claimed there was no evidence, whether defendant purchased the land in controversy without notice that a deed executed by plaintiff was a partition deed was harmless to plaintiff; there being nothing in the deed from plaintiff to put defendant on notice that it was such a deed, and the burden being upon plaintiff to prove notice, and the court having also charged that if it was a partition deed the finding should be for plaintiffs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

**6. TRESPASS TO TRY TITLE (§ 45*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

Where, in trespass to try title, plaintiffs claimed no title by limitation to land which passed from their ancestor to defendant, but did as to another tract in controversy, a charge that plaintiffs could not claim by limitation land which passed by regular chain of title from their ancestor to defendant was not misleading; there being no contention that defendant claimed title to the tract in controversy from plaintiff's ancestor.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 67; Dec. Dig. § 45.*]

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Trespass to try title by Clarence Gosch and another against I. Vrana. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

John T. Duncan, of La Grange, for appellants. C. E. Lane, of Austin, and C. D. Krause and L. D. Brown, both of La Grange, for appellee.

MOURSUND, J. This is the second appeal of this case. See 145 S. W. 253. Clarence and Winston Gosch, sole heirs of H. M. Gosch and Lucinda Gosch, sued I. Vrana in trespass to try title, seeking to recover all of a certain tract of land out of the James Robinson league in Fayette county, conveyed by John T. Harcourt to Wm. Braun as containing 347 acres, except 135 acres conveyed to Zach Henry, 50 acres to Jesse Gray, and 50 acres to J. H. Gray, such conveyances having been made by H. M. Gosch on December 10, 1890, and about 34 acres undivided interest belonging to Mrs. Miller. Plaintiffs also claimed title by virtue of the three, five, and ten years' statutes of limitation. Defendant answered by a general demurrer, a plea of not guilty, a general denial, a special plea that he purchased in good faith, for value and without notice of plaintiffs' title or claim, pleas of title by limitation under the three, five, and ten years' statutes, and improvements in good faith. Plaintiffs filed two supplemental petitions, alleging notice on the part of defendant of their claim; that the legal representatives of the estate of plaintiffs' parents, through W. F. Gosch, defendant's vendor, had held possession of the land sued for, for more than ten years; that plaintiffs were minors at the time their parents died; that Clarence Gosch became of age on September 23, 1908, and Winston was still a minor; that the improvements claimed to have been created in good faith were erected with knowledge of plaintiffs' title; that the entire tract was in one inclosure; that, instead of there being 347 acres in the tract, in fact it contained 359 acres; and that plaintiffs were entitled to recover 125 acres of land. The court ordered a survey made of the entire tract of land, and that the three tracts disclaimed by plaintiffs be surveyed and marked off. The surveyor made a report with a map attached showing that he had run out said three tracts, giving the acreage of each, as well as the length of the lines, except that the meanders of a creek constituting the west boundary of the 347-acre tract were not run out. The trial resulted in a verdict and judgment for the defendant.

By several assignments of error the sufficiency of the evidence to support the judgment is questioned. The tract of land was owned by William Braun and his wife as community property. They died intestate leaving three children surviving them, viz., Mrs. Augusta Smith, Mrs. W. B. Frederich, and L. N. Braun. Mrs. Braun had two children by a former marriage, viz., Mrs. Magnus and Mrs. Miller. Each of the last-named two parties inherited one-tenth of the land, and each of the other three, four-fifteenths thereof. The share of Mrs. Smith was conveyed to Lucinda Gosch, wife of H. M. Gosch, as community property. The Frederich and Magnus shares passed to H. M. Gosch; L. N. Braun's share passed to H. M. Gosch and J. H. Gray jointly. These conveyances vested in H. M. Gosch and Lucinda Gosch as community property approximately 266 acres of the land. H. M. Gosch conveyed to Zach Henry 135 acres out of the northwest corner of the tract; to Jesse Gray 50 acres out of the northeast corner, and to J. H. Gray 50 acres just south of the Jesse Gray tract, and he and his wife conveyed to Zach Henry 36¾ acres in the southeast corner of the tract, which had been conveyed to H. M. Gosch by Mrs. Magnus and her husband; the same being described by metes and bounds. These conveyances passed a total of 269¾ acres of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

land, a few acres more than H. M. and Lucinda Gosch had acquired under the deeds hereinbefore mentioned.

It appears, however, that Zach Henry deeded the Magnus tract to H. M. Gosch on the same day that Gosch deeded him the 135 acres. The Henry children, five in number, did not join in the deed. Said deed was not acknowledged or recorded. Four of Zach Henry's children conveyed their interests in the Magnus tract to their brother, W. D. Henry. A judgment was obtained on May 25, 1898, by H. W. Robinson against said W. D. Henry and Zach Henry, and for foreclosure of a deed of trust given by W. D. Henry upon said land. An execution and order of sale was levied upon the land as the property of Zach Henry and W. D. Henry, and it was sold as the property of said parties and deed made July 5, 1898, to said H. W. Robinson. It was not shown that said Robinson had any notice of the unrecorded deed from Zach Henry to H. M. Gosch. The evidence fails to show who was in possession of said land at the time. It appears that W. F. Gosch and H. C. Gosch had procured a deed from the Easons conveying 50 acres deeded to them by J. H. Gray, which 50 acres included all of the Magnus tract. That deed was dated March 30, 1898. Mrs. Barber, administratrix of the estate of H. M. and Lucinda Gosch, had leased to Cockrill, for one year, expiring July 1, 1898, a tract of land deeded to Lucinda Gosch. Gosch leased the same land for 5½ years beginning July 1, 1898. At the expiration of that lease he leased from Mrs. Barber for three years, expiring December 31, 1908, a place upon another survey, and certain pasture land, namely, 93¾ acres in the Robinson survey deeded to Lucinda Gosch and 34¾ acres in the same survey; said lands being further described as "the undivided interest of a tract of land belonging to minor heirs." On September 28, 1906, the other half of the 50 acres conveyed by Easons to H. C. Gosch passed to W. F. Gosch. He had built a house on the Magnus tract in 1900 and lived there from that time on. He conveyed the entire 347-acre tract to appellee by deed dated September 26, 1907. It appears very clearly that the Magnus tract was not covered by any lease in existence at the time of the levy and sale under the Robinson judgment, for the only land leased at that time was the tract conveyed to Lucinda Gosch, which Mrs. Barber thought was separate property. The land conveyed to Lucinda Gosch was Mrs. Smith's undivided 93 acres. The Magnus tract had been conveyed by metes and bounds. It does not appear whether the Henry children were in possession at the time or whether W. F. Gosch was in possession under his deed to one-half, but at least there is no evidence that any one was in possession of the Magnus tract holding it for H. M. Gosch's estate or his heirs. We therefore conclude that the execution sale passed to H. W. Robinson a good title to the Magnus tract as against the heirs of H. M. Gosch who claim under an unrecorded deed. Whitaker v. Farris, 45 Tex. Civ. App. 378, 101 S. W. 456, and cases therein cited. Whether W. F. Gosch by holding said land under the Eason title from 1898 until he sold to Vrana acquired by limitation the H. W. Robinson title need not be determined in this case.

[1-3] It appears clear that plaintiffs have no record title to any of the land sued for. But they contend that as against appellee they are nevertheless entitled to recover some land. Two theories are advanced. One of these is that, as W. F. Gosch was their tenant when he sold to Vrana, the latter cannot dispute their title to the land leased unless he shows a superior title thereto. W. F. Gosch had title to the Miller undivided interest of 34¾ acres, the Zach Henry tract of 135 acres, the two Gray tracts of 50 acres each, making 269¾ acres concerning which there is no dispute. He held the 50 acres from Easons which covered the Magnus tract and the land between same and the south one of the Gray tracts above mentioned. The H. W. Robinson title to the Magnus tract was never conveyed to him. If we should credit him with the Magnus tract and the Eason tract as separate tracts, he would have had title to 354½ acres, a few acres more than the survey contains if there be no overplus. But surely, as he took possession of the Magnus tract under the Eason deed and relies upon such possession to show that he did not lease said land from Mrs. Barber, he cannot be permitted to use the Eason conveyance for that purpose and then locate 50 additional acres elsewhere by virtue thereof. Under the Eason deed he claimed title to a certain 50-acre tract as the interest J. H. Gray had acquired by conveyance from L. N. Braun, and it therefore appears that he had record title to only 319¾ acres, which corresponds to the admission made in his letter to Braun & Lane; and as he leased some land, which he thought was about 80 acres, from Mrs. Barber, he did not acquire any additional land by limitation. Nor did plaintiffs acquire any limitation title to the Magnus tract or any right to recover same from W. F. Gosch on the theory that he rented same from Mrs. Barber. Up to January 1, 1905, the only land mentioned in the lease contract was 93 acres undivided which had been conveyed to Mrs. Lucinda Gosch, and it cannot be contended that such description included the Magnus tract which had been set apart by metes and bounds. The three-year lease beginning January 1, 1905, mentions a 34¾-acre tract, but all the land is designated as pasture land, and as undivided, and, besides, W. F. Gosch had made his home upon the Magnus tract about five years prior thereto, and Strahle, the agent for Mrs. Barber, who leased the land to W. F. Gosch, testified that he never intended to lease the Magnus land

to said Gosch. When the first lease was made, the only land out of the tract owned by W. F. Gosch was a half interest in the Eason tract which covered the Magnus tract. During the time of the first lease he acquired an interest in the Miller portion and in the two Gray tracts. He acquired his first interest in the 135-acre tract after executing his last lease contract. The evidence shows that the 347-acre tract was inclosed, but does not show that there were any partition fences between the different tracts. While W. F. Gosch did attorn to Mrs. Barber as to 93 acres at one time and 127 acres at another time, plaintiffs admit they did not acquire any of the Zach Henry 135-acre tract, or the two Gray tracts or the Miller interest, by virtue of such attornment; in other words admit that W. F. Gosch acquired and held at the time of the trial the superior title thereto.

As the evidence shows that there was no attornment as to the Eason tract, which covers the Magnus tract, it is clear that plaintiffs cannot recover that tract. We come then to the balance after deducting all of the above-mentioned tracts and interests, a balance to which W. F. Gosch had no title, and which, together with the Miller undivided interest, lies in the southwest corner of the 347-acre tract, which is the portion of the tract that W. F. Gosch says he leased from Mrs. Barber. This balance, if there is no excess, is about 34¾ acres, and it is clear that as to it W. F. Gosch attorned to Mrs. Barber. It seems clear that in a suit against W. F. Gosch plaintiffs would have been entitled to recover such portion of the land, and, as Vrana bought during the existence of the lease and while W. F. Gosch was holding as tenant under Mrs. Barber, he could be in no better attitude provided he had notice of the fact that the land was so held. Reichstetter v. Reese, 39 S. W. 597; Buford v. Wasson, 49 Tex. Civ. App. 454, 109 S. W. 275. Appellee's deed recites that Vrana assumes the payment of a note to Marburger secured by a deed of trust by W. F. Gosch upon the land conveyed in the deed, and expressly makes the deed of trust and its record a part of such deed. The deed of trust conveys the 347 acres with the exception of the land claimed by the heirs of H. M. Gosch, about 80 acres. Appellee admits he read the deed of trust before accepting his deed, but testified he did not know that W. F. Gosch was a tenant of said heirs or rather of the administratrix of their father's estate. We think he was put upon such notice both by the deed of trust, and the information given by Mrs. Barber to Mr. Brown, who, appellee testified, was examining the title for appellee, as a proper investigation would have informed him that W. F. Gosch had rented from Mrs. Barber. Skov v. Coffin, 137 S. W. 450. We therefore conclude that he cannot hold said 34¾ acres as against appellants.

[4] It is also contended by appellants that the deed from H. M. Gosch to J. H. Gray for 50 acres was a partition deed, by which Gosch conveyed to Gray the one-half interest acquired by Gray in the 93 acres conveyed by L. N. Braun to H. M. Gosch and said Gray. The issue was submitted to the jury and found against appellants. As appellants requested its submission, they cannot be heard to assert that there is no evidence to sustain the finding. While there was evidence to the effect that it was a partition deed, it came alone from a kinsman of appellants, and the deed itself, together with the declarations of J. H. Gray to his wife, admitted without objection, strongly indicated that it represented a bargain and sale, and we think the jury's finding is sustained by evidence.

[5] The court also submitted the issue whether W. F. Gosch bought the Eason title in good faith for a valuable consideration and without notice that the deed by H. M. Gosch to J. H. Gray was a partition deed. It is contended that there is no evidence justifying the submission of such issue, and that the charge therefore was erroneous. We do not think such error could have harmed appellants. Upon its face the deed from H. M. Gosch to J. H. Gray was a deed for 50 acres of land for a consideration of $150 cash; there being nothing therein which would put any one upon notice that it was intended as a deed vesting title in J. H. Gray to land he had acquired under a deed conveying an undivided 92½ acres to him and H. M. Gosch jointly. It therefore seems clear that any one purchasing both tracts from J. H. Gray would be protected and would hold same against H. M. Gosch and his heirs, unless it were proven that such purchaser had notice that the deeds covered the same land. The burden would be upon appellants to show such notice by W. F. Gosch, and they failed to show this. The court required an affirmative showing by appellee that W. F. Gosch did not have such notice, when he should have instructed that, even though the deed by H. M. Gosch to J. H. Gray was a partition deed, appellee could hold under both deeds by J. H. Gray unless he had notice of the fact that the said deed by H. M. Gosch to J. H. Gray was a partition deed. The court twice instructed the jury that if it was a partition deed to find for plaintiffs for the 46¼ acres, which charge was more favorable than plaintiffs were entitled to, and plaintiffs could not have been injured by the charge in question.

The charge, in so far as it submitted the two issues just discussed, is criticised as being so misleading as to require a reversal. While the charge is not as clear as it should be, in view of the special charge given at plaintiffs' request, we conclude that the jury must have understood what issues were submitted, and that assignments 5 and 6 should be overruled.

[6] The seventh assignment complains of

a paragraph of the charge, to the effect that plaintiffs could not claim title by limitation to any of the land sued for, which passed by regular chain of title from H. M. Gosch and wife to defendant Vrana. Appellants admit they claimed no title by limitation to any such lands as are described in the charge, but contend that for that very reason the charge was misleading, and calculated to injure them with reference to their claim of the Magnus tract by limitation. There being no contention that appellee connected himself with any chain of title to the Magnus tract emanating from H. M. Gosch and wife, the jury could not have been misled in the respect contended for. It may be said further that as the Magnus tract was not held by W. F. Gosch under lease from Mrs. Barber, as has hereinbefore been pointed out, plaintiffs could claim no title thereto by limitation, never having been in possession thereof from the time W. F. Gosch took possession thereof under the Eason deed. The assignment is overruled.

We come now to the question of excess, and must say that the evidence is insufficient to support a finding of excess in the tract. The surveyor did not run out the meanders of the creek, hence his survey was only an estimate. Appellee is entitled to judgment for the 50-acre tract conveyed by J. H. Gray to the Easons, and to have the undivided interest acquired from Mrs. Miller set apart to him out of that portion of the tract remaining after deducting said 50-acre Eason tract and the tracts conveyed by H. M. Gosch to Zach Henry, Jesse Gray, and J. H. Gray, which are disclaimed in plaintiffs' petition. Said Miller interest is one-tenth of the entire survey. As we find the evidence insufficient to show the acreage of the entire survey, we cannot state the Miller interest in acres, and such amount must be decided by a complete survey when partition is had of the remainder of the land. The remainder, after deducting the 50-acre Eason tract, which W. F. Gosch did not lease, and setting apart the Miller interest, to which defendant is admitted to have title, should go to plaintiffs.

The judgment of the trial court is reversed, and judgment here rendered in accordance with the above conclusions.