SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. SHEPPARD et al.*
(No. 5727.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1916. Rehearing Denied Dec. 6, 1916.)

1. APPEAL AND ERROR ⊂⇒882(14)—REVIEW— INVITED ERROR.

In an action for personal injuries caused by a falling window screen, where defendant's requested issues were submitted to the jury in the language of defendant, if there was error in submitting such issues, or in the jury answering them in the affirmative, defendant is in no position to assail them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3604; Dec. Dig. ⊂⇒ 882(14).]

2. NEGLIGENCE ⊂⇒134(5, 11) — EVIDENCE — SUFFICIENCY.

In an action for personal injuries caused by a falling window screen, evidence *held* to justify a jury finding that the screen fell on account of the negligence of defendant in not having it properly fastened, and that such negligence was the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267, 273; Dec. Dig. ⊂⇒134(5, 11).]

3. NEGLIGENCE ⊂⇒121(3) — EVIDENCE — PRESUMPTIONS AND BURDEN OF PROOF.

The proof of such fall would raise a presumption of negligence on the part of defendant owner, and the burden was on defendant to show that the screen was not negligently fastened, and that its fall occurred from some other cause.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 225; Dec. Dig. ⊂⇒121(3).]

4. TRIAL ⊂⇒114—STATEMENTS OF COUNSEL.

Where the jury must have known what the effect of their answers to the issues would have upon the judgment, and that, in order for plaintiff to recover, all of the issues must be necessarily answered in the affirmative, it could not have been error for counsel to inform the jury of the effect of their answers to the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 275–278, 296; Dec. Dig. ⊂⇒114.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Elsie Phillips Sheppard and another against the Southwestern Telegraph & Telephone Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. S. Bramlett, of Dallas, and Henry McCloskey & Robertson, of San Antonio, for appellant. Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellees.

FLY, C. J. This is an action for damages originally instituted by Elsie Phillips, who, pending the suit, married A. H. Sheppard, and he joined her in the suit. It was alleged in the petition that appellant is engaged

in the telephone business and has, on Travis street in the city of San Antonio, a certain six-story brick building in which its business is conducted; that on April 13, 1914, Elsie Phillips Sheppard, who will be described as the appellee, was on the sidewalk in front of said building, and that it was her purpose to enter said building to discharge her duties as an employé of appellant, and that a screen from the fourth story of the building fell and struck and permanently injured appellee. The allegations of negligence are:

"That the defendant owned, used, and operated the said building, and it was its duty to properly secure the screens in the windows thereof so they would not fall upon people who were on the public sidewalk, but, notwithstanding this duty, the defendant negligently caused and permitted the said screen to be so improperly, defectively, and insecurely fastened that it fell and struck the plaintiff, as aforesaid, and such negligence directly, without any fault whatever on the part of the plaintiff, caused the injuries hereinafter stated."

The cause was submitted to the jury on special issues, prepared by appellant, and requested to be given, and upon the answers thereto judgment was rendered in favor of appellee for $15,000.

[1, 2] Appellant requested the submission of three issues, followed by a question as to the amount of damages. The issues, in short, were as to whether appellant was guilty of negligence in so fastening the screen that it fell and struck appellee, and was that negligence the proximate cause of the injuries inflicted upon appellee. The issues were drawn and submitted in the very language of appellant, and yet the three first assignments of error are devoted to an attack, not only on the sufficiency of the evidence to support the answers, but on the ground that there is an utter and entire absence of such testimony. It would occur, it seems, to any one that if there was no evidence to sustain either of the issues, appellant should not have led the court into submitting such issues, but should have requested a peremptory instruction to find for appellant. If there was error in submitting such issues or in the jury answering them in the affirmative, appellant is in no position to assail them. It alone is responsible for the issues going to the jury. Alamo Dressed Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721; Railway v. Smith, 155 S. W. 363; Southwestern Tel. & Tel. Co. v. Shirley, 155 S. W. 665; Gosch v. Vrana, 167 S. W. 760; Railway v. Flanders (Sup.) 179 S. W. 263. We conclude, however, that the issues were properly submitted, and that the evidence sustained the finding of the jury that the screen fell on account of the negligence of appellant in not having it properly fastened, and that such negligence was the proximate cause of the injury to appellee.

[3] It would be singular indeed, if a pedestrian on a sidewalk is struck by a falling screen, that the owner of the building from which it fell would not be liable for the injuries resulting from such blow, without direct proof of the negligent manner in which the screen was fastened to the house. Proof that the screen fell would proclaim the fact in unmistakable terms that the screen was insecurely fastened, and the burden rested on appellant to show that it was not negligently fastened, and that the fall occurred from other cause. It is well known that screens do not usually fall from windows, and proof of such fall would raise a presumption of negligence on the part of the owner. The fact that the screen was not securely fastened, not only appeared from the fall, but from the fact that after the accident appellant fixed the screens in its building so that they could not fall. The circumstances surrounding the fall of the screen lead inevitably to the inference that a screen securely fastened will not fall, and the one in question fell. The burden of disproving its negligence in fastening the screen devolved on appellant. The facts in this case lead inevitably to the conclusion that the screen fell because insecurely fastened. There was evidence to the effect that if the screen had been fastened at the top with hinges, it would not have fallen. Railway v. Garven, 50 Tex. Civ. App. 245, 109 S. W. 426; McCray v. Railway, 89 Tex. 168, 34 S. W. 95.

[4] It has been held by the Court of Civil Appeals of the First District that it is error for counsel to inform a jury of the effect of their answer in a certain way to certain issues. Fain v. Nelms, 156 S. W. 281; Railway v. Hodnett, 182 S. W. 7. But in the cases of Railway v. Casey, 172 S. W. 729, and Guffey v. Dinwiddie, 182 S. W. 444, the Courts of Civil Appeals of the Second and Sixth Districts have committed themselves to a contrary doctrine. In the case of Railway v. Casey a writ of error was refused by the Supreme Court, and it would seem that it is settled that such action upon the part of counsel was not error. However, it is not necessary for this court to commit itself to either side of the conflict, for in this case there could not be any error, for it is apparent that the jury knew as well as counsel what the effect of their answers to the issues would have upon the judgment. They knew, without being told, that if they answered that the screen did not fall because insecurely fastened, appellee could not recover, or that if they answered that it did fall because insecurely fastened, but that if it was not negligence to have the screen defectively fastened, or that such negligence did not cause the injury to appellee, she could not recover. We could scarcely imagine a jury so simple and ignorant as not to know that, in order for appellee to recover, all of the issues should necessarily be answered in the affirmative.

No complaint is made of the amount of the verdict.

The judgment is affirmed.