FT. WORTH & D. C. RY. CO. v.
ANDERSON. (No. 1164.)

(Court of Civil Appeals of Texas. Amarillo.
April 25, 1917.)

1. TRIAL ⟨⟩261—REQUESTED INSTRUCTION—
FAILURE TO GIVE—REVERSIBLE ERROR.

In an action for damages to plaintiff's crop
from overflow alleged to have been caused by
the improper construction of railway company's
bridge, refusal to grant an instruction to find
whether the obstruction caused overflow on
plaintiff's land that would not otherwise have
overflowed and the value of the crop on such
land was reversible error, although requested
instruction contained a clerical error.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 484, 660, 671, 673, 675.]

2. TRIAL ⟨⟩121(4)—ARGUMENT AND CONDUCT
OF COUNSEL — COMMENT ON OWN EXPERI-
ENCE.

In an action against a railroad company,
remarks of counsel in comments on a witness'
testimony that he knew from past experience
that you could not get anything favorable to
plaintiff out of an employé of railroad company
was improper.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 300.]

3. TRIAL ⟨⟩120(3)—ARGUMENT OF COUNSEL—
ASSUMING MATTER NOT IN EVIDENCE.

It was improper for attorney to refer in
argument to excluded testimony.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 287.]

Appeal from Wichita County Court.

Action by G. W. Anderson against the Ft.
Worth & Denver City Railway Company.
Judgment for plaintiff, and defendant ap-
peals. Reversed and remanded.

Thompson, Barwise & Wharton, of Ft.
Worth, and Carrigan, Montgomery & Britain
and F. S. Jones, all of Wichita Falls, for ap-
pellant. S. Heyser and Smoot & Smoot, all
of Wichita Falls, for appellee.

BOYCE, J. This appeal is from a judg-
ment in favor of appellee, Anderson, against
the appellant railway company for damages
to appellee's crop resulting from overflow al-
leged to have been caused by the improper
construction of the railway company's bridge
across Holliday creek, in Wichita county.
The verdict of the jury, supported by evi-
dence, establishes that the construction of
the bridge was improper and impeded to
some extent the flow of the water, but the
contention of the appellant railway company
is that the undisputed evidence shows that
Anderson's land would have been overflowed
anyway, and that under the evidence a per-
emptory instruction should have been given
for the railway company for this reason.
The appellee had a ten-acre truck farm, lo-
cated something over a mile up the creek
from the bridge. There were two overflows
occurring close together in point of time.
The first overflow inundated about three
acres of appellee's land, the water at this
time being from three to four feet deep on
the lowest part of the land. The second over-
flow was higher and inundated about seven
acres of the land, at which time the water
was from five to six feet deep on the lowest
land, and practically all of appellee's crops
destroyed. During the flood the water below
the bridge was from sixteen to twenty-two
inches lower than that above the bridge, but
the valleys below the bridge were overflowed.
There is considerable testimony that tends
to show that the obstruction caused by the
bridge did not affect the level of the water
as high up the creek as appellee's land. As
the level of the water below the bridge was
at the greatest estimate only twenty-two
inches lower than the water above, it does
seem evident from appellee's testimony as
to the depth of water on the lowest portions
of his land that some of his land would have
been overflowed in any event, but the testi-
mony is such that we cannot say that the
jury could not have found that a part at
least of appellee's land was overflowed that
would not have been covered by the water
but for the higher level of the water above
the bridge; so that we overrule the assign-
ment complaining of the action of the court
in refusing the peremptory instruction for
appellant.

[1] The case was submitted on special is-
sues, and the jury were instructed, in the
event they should find that the flow of the
water was obstructed by the bridge, to fur-
ther specifically find:

First. "Whether or not such obstruction of
the flood waters of said creek was the direct
and proximate cause of the water overflowing
and standing on plaintiff's land. Answer 'Yes,'
or 'No.'"

Second. "Whether or not such construction
(of the bridge) was the direct and proximate
cause of the flood waters standing upon plain-
tiff's land for a greater length of time than it
would otherwise have done if it did. Answer
'Yes' or 'No.'"

Third. "What was the reasonable market
value of plaintiff's probable crop of cantaloupes,
tomatoes, watermelons, corn, squash, etc., at
the nearest market had the same matured, less
cost of planting and cultivating of such crop,
and the marketing of same for the season of
1915? Answer by stating the amount."

Appellant requested the court to instruct
the jury to find whether the obstruction caus-
ed the water from Holliday creek to over-
flow part of appellee's land that would not
otherwise have overflowed, and to find the
value of the crop on such part of said land.
We think that some such instruction as this
should have been given. If the jury had
found that only a part of the land was caus-
ed to be overflowed by the construction of
the bridge, the requirement to give a "Yes"
or "No" answer to the two issues submitted
by the court as first above stated would be
the source of some confusion to the jury, to
say the least, and the jury would probably
conclude that affirmative answers to the is-
sues would be warranted. In the last is-

sues submitted, as above stated, the jury were asked to find the value of appellee's crop destroyed without regard to any question as to whether a part of it would have been destroyed in any event. The appellant presented two requested instructions on this subject and complains of their refusal by its second and third assignments. The instruction referred to in the second assignment is perhaps objectionable as being on the weight of the evidence. We think that referred to in the third assignment is reasonably clear and sufficiently presents the issue and should have been given. The fact that this requested instruction refers to the improper construction of "plaintiff's bridge" instead of defendant's bridge was manifestly the result of a clerical error, and would not justify the court in refusing it on this account.

[2] One of the attorneys in arguing the case to the jury referred to the testimony of H. M. Snoddy, an employé of the railway company, subpœnaed as a witness by it, but placed on the stand by the plaintiff, who made the following statement:

"That Snoddy was on the pay roll of the railroad company and would not testify to anything favorable to the plaintiff, and that he (the attorney making the argument) knew from past experience that you could not get anything favorable to plaintiff out of anybody while in the employ of the railroad company."

While it is proper for attorneys to comment on the relation of a witness as an employé of one of the parties, we think that the reference to the experience of the attorney was improper. M., K. & T. Ry. Co. v. Woods, 25 S. W. 741; M., K. & T. Ry. v. Huggins, 61 S. W. 976. It is not necessary to determine whether this improper statement would require a reversal of the case.

The statement under the fifth assignment is not sufficient to advise us whether any reference to the matters in the argument which is complained of by this assignment is justified or not. From the statement made by appellee we would conclude that at least no harm would have resulted from this argument.

[3] Plaintiff had upon the trial offered testimony to show that after the flood the railway company had enlarged the opening under its bridge across Holliday creek, but this testimony was, upon objection, excluded. It was not proper for plaintiff's attorney, in his argument, to insist on reference to this testimony that had been offered only, but had been excluded by the court on objection. First National Bank v. Harkrider, 157 S. W. 290. The court below sustained the objection to the argument, though appellee's attorney was insistent before the jury that he had the right to argue it. It is also unnecessary for us to determine whether this action would require a reversal of the case.

In view of the conflicting holdings of the court it would at least be the better practice for attorneys, in arguing cases submitted on special issues, not to attempt to explain to the jury what would be the legal effect of a finding on a particular issue in respect to the right of either party to judgment. Southwestern Telegraph & Tel. Co. v. Sheppard, 189 S. W. 799, and authorities cited; Cameron Steam Pump Works v. Lubbock Ice & Light Co., 167 S. W. 256.

Reversed and remanded.