### GALLOWAY et al. v. MARIETTA STATE BANK. (No. 2807.) *

(Court of Civil Appeals of Texas. Texarkana. Jan. 26, 1924. Rehearing Denied Feb. 7, 1924.)

1. **Garnishment** &#9758;146—**Failure to urge bankruptcy of defendant held waiver by garnishee of defense to judgment.**

Where a garnishee admitted indebtedness to defendant, but three days before judgment was rendered defendant became insolvent and was adjudged a bankrupt, the trustee in bankruptcy taking charge of all his funds in the garnishee's hands, but judgment against the garnishee was nevertheless entered, *held* that, by failure to urge the bankruptcy proceedings as a defense, as it could have done, the garnishee waived such defense, and could not thereafter enjoin enforcement of the judgment against it.

2. **Evidence** &#9758;43(4)—**Pendency of bankruptcy proceedings against principal defendant must be brought to court's notice through pleadings filed.**

A justice court is not bound to take judicial notice of the filing of a petition in bankruptcy by a defendant in a garnishment suit pending before it, and must have notice through pleadings filed in the cause.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted April 2, 1924.

3. **Judgment ⬅⟹407(1), 435, 443(1)—When equity will relieve against judgment procured by fraud, accident, or mistake stated.**

Where a party by fraud, accident, or mistake has been denied the privilege of availing himself of legal remedies open to him, he may seek the aid of equity to relieve him of judgments rendered against him; but whenever he seeks such aid he must show either that no legal remedy was available, or, if available, that he was prevented from availing himself of it by reason of fraud, accident, or mistake.

Error from District Court, Morris County; R. T. Wilkinson, Judge.

Action by Marietta State Bank against A. B. Galloway and others. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

The Marietta State Bank instituted this suit against A. B. Galloway, J. M. Davis, as justice of the peace of precinct No. 4, Morris county, Tex., and V. A. Wallace, as sheriff of Cass county, Tex. The object of the suit is to restrain the enforcement of a judgment rendered in favor of A. B. Galloway, on December 30, 1920, against the Marietta State Bank, as garnishee, for the sum of $179.85 and costs of suit, by the justice court. As grounds for the issuance of an injunction the defendant in error alleged that on the 15th day of April, 1921, A. B. Galloway, plaintiff in error, caused an execution to be issued on such judgment, directed to the sheriff or any constable of Cass county, Tex., and that V. A. Wallace, sheriff of Cass county, Tex., would, if not restrained, levy such execution upon property belonging to the defendant in error. And, as further grounds for the issuance of the injunction prayed for, the defendant in error alleged, in substance, that on the 15th day of December, 1920, A. B. Galloway caused to be served upon it a writ of garnishment commanding it to appear at Naples, Tex., before the justice court in and for precinct No. 4, Morris county, Tex., on the 30th day of December, 1920, and answer what, if anything, it was indebted to T. Jake Brock; and that defendant in error, by its attorney, filed an answer in said cause on the 27th day of December, 1920, to the effect that it was indebted to the said T. Jake Brock in the sum of $599.84; and that on the 30th day of December, 1920, the defendant J. M. Davis, justice of the peace of precinct No. 4 of Morris county, Tex. (one of the plaintiffs in error herein), entered a judgment against the defendant in error in favor of the plaintiff in error A. B. Galloway in the sum of $179.85 and costs of suit, and caused execution to be issued as above noted and placed in the hands of the sheriff of Cass county, Tex. The petition further alleged that on the 27th day of December, 1920, the said T. Jake Brock filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Texas, at Texarkana, Tex., and, on the same day was adjudged a bankrupt by said court, and a trustee was appointed and commanded to take the estate into his possession, and to preserve the same for the benefit of all creditors of the said T. Jake Brock. It was further alleged that on the 30th day of December, 1920, the said trustee demanded that it turn over to him all moneys deposited in the name of T. Jake Brock, and that it complied with the request of the said trustee and turned over to him the sum of $599.84, being the amount on deposit with defendant in error in the name of T. Jake Brock, and being all that it was indebted to the said T. Jake Brock. The further allegations (quoting from the petition) are:

"(5) Plaintiff alleges that the judgment taken against it in favor of the defendant Galloway on the 30th day of December, 1920, as aforesaid, is void and of no force and effect because at the time said judgment was taken against it the said T. Jake Brock had already been adjudged a bankrupt in the District Court of the United States for the Eastern District of Texas, and that the execution that is about to be served by the defendant Wallace on the property of the plaintiff is founded upon said judgment and is also void; that the said T. Jake Brock was insolvent at the time of the serving of the writ of garnishment, and was insolvent at the time the judgment was rendered against plaintiff therein.

"(6) Plaintiff alleges that it has no adequate remedy at law for the prevention of the enforcement of said execution.

"(7) Wherefore plaintiff prays for a writ of injunction restraining the defendants from further proceedings under said judgment and execution; that said execution be returned to this court, and that on final hearing said injunction be made perpetual; and for general relief and costs of suit."

The defendant in error presented its petition for injunction to the judge of the district court on the 10th day of May, 1921; and on that date he directed the issuance of a temporary writ of injunction. The plaintiffs in error filed their answer to the petition of the defendant in error in the district court of Morris county, Tex., on the 17th day of October, 1921, which answer consisted of a general demurrer and general denial. On the 14th day of November, 1922, the cause was tried by the district court of Morris county, Tex., and a judgment was rendered in favor of defendant in error, to the effect that the temporary injunction theretofore granted in favor of the defendant in error Marietta State Bank against these plaintiffs in error should be made perpetual; and it was by said court adjudged, ordered, and decreed that the plaintiffs in error A. B. Galloway, J. M. Davis, and V. A. Wallace, and each of them, "shall be hereafter perpet-

ually enjoined from collecting or attempting to collect,· or to enforce or attempt to enforce, the judgment rendered in the justice court of Naples, Tex., in favor of A. B. Galloway versus Marietta State Bank on the 30th day of December, 1920, for the sum of $179.85." And it was further adjudged that the plaintiff in error A. B. Galloway pay all costs incurred in said action.

King, Mahaffey & Wheeler, of Texarkana, for plaintiffs in error.

Bartlett & Patman, of Linden, for defendant in error.

LEVY, J. (after stating the facts as above). By this action the defendant in error seeks to perpetually enjoin the enforcement of a judgment rendered against it, after legal summons upon it, by a court of competent jurisdiction. No facts are alleged or shown as grounds for enjoining the judgment, other than that the principal debtor, T. Jake Brock, was insolvent at the time the writ of garnishment was served upon the bank, and three days previous to the rendition of the judgment the principal debtor had been adjudicated a bankrupt. It appears that the bank answered the writ of garnishment to the effect that it was indebted to the defendant in a sum exceeding the amount of the judgment rendered against it, but it does not appear that the bank set up, as a defense, the filing of the petition in bankruptcy. And it does not appear that the bank filed a motion for new trial in the justice court, or appealed from the judgment against it. And, further, it does not appear that the bank was prevented from availing itself of any remedy at law by any word or the conduct of plaintiffs in error, or by fraud, accident, or mistake.

[1, 2] Since the garnishment was served and the judgment entered within four months prior to the filing of the petition in bankruptcy by Brock, the garnishment lien created thereby became, under the terms of the federal law, null and void, on the adjudication of bankruptcy, as against the trustee. And it is plain that the bank could have urged the bankruptcy proceedings of Brock as a complete defense to the cause of action of plaintiffs in error against it, had it done so in the justice court. But, as it appears, the bank, in effect, waived any such defense in the justice court by not urging it or bringing it to the attention of the justice court. The justice court otherwise had full jurisdiction of the subject-matter, and of the person of the garnishee. The justice court was not bound to take judicial notice of the filing of the petition in bankruptcy, but must have had notice through pleadings filed in the garnishment cause. Coppard v. Gardner (Tex. Civ. App.) 199 S. W. 650. The legality, then, of the judgment of the justice court is governed by the laws of Texas; and, according to the laws of this state, the judgment rendered by the justice court is valid, and not void, as against plaintiffs in error. A judgment will not be enjoined where it appears that a party seeking relief therefrom had an opportunity to avail himself of legal remedies to vacate it, and neglected, without fault of the opposing side, to make use of them. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918. An application for injunction cannot be made to serve the purposes of an appeal. Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565.

[3] Where a party by fraud, accident, or mistake has been denied the privilege of availing himself of legal remedies open to him, he may seek the aid of a court of equity to relieve him of a void or voidable judgment rendered against him; but whenever he seeks the aid of a court of equity for relief against such judgment he must show either that no legal remedy was available to him for relief therefrom, or, if available, that he was prevented from availing himself of it by reason of fraud, accident, or mistake. He cannot fail to avail himself of legal remedies available and open to him and afterwards ask equitable relief.

The judgment is reversed, and judgment is here rendered in favor of the plaintiffs in error.