## SOUTH CHESTER TUBE CO. v. TEXHOMA OIL & REFINING CO. (No. 7162.)

(Court of Civil Appeals of Texas. San Antonio. May 14, 1924. Rehearing Denied June 18, 1924.)

**1. Trial ⬾349(4)—Request for instructed verdict not allowed in cases submitted on special issue.**

Requests for instructed verdicts are not allowed in cases submitted on special issue.

**2. Trial ⬾349(4)—Special instruction for directed verdicts on certain items of damages properly refused.**

Verdicts must be either general or special under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1982, 1987, and where case was submitted on special issues court properly refused to give special instructions directing verdicts for defendant as to certain items of damages.

**3. Trial ⬾140(2)—Matters depending upon testimony of interested witnesses properly submitted to jury.**

Plaintiff's contentions that contract was breached, and that it used due diligence to purchase other pipe, additional cost of other pipe, and damage by defendant's breach, depending upon testimony of interested witnesses, it was proper to submit such issues to jury.

**4. Damages ⬾208(9)—Whether plaintiff entitled to interest held properly submitted to jury.**

In action for damages for breach of contract to deliver pipe, it was province of jury to determine whether plaintiff was entitled to interest, and submission of special issue was proper.

**5. Appeal and error ⬾882(14)—Defendant, having requested special issue, estopped to contend there was lack of evidence to authorize submission.**

Defendant, having requested submission of a certain special issue, is estopped to contend there was an entire lack of evidence to authorize its submission.

---

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error** ⬉⟿754(1)—**Party failing to assign error in refusal to set aside special verdict cannot complain findings unsupported by evidence.**

A party on appeal, who fails to assign error to action of court in refusing to set aside a special verdict, cannot complain of judgment on ground that findings are unsupported by evidence.

**7. Damages** ⬉⟿6—**Rule as to uncertainty relates to uncertainty as to cause, and not as to measure.**

Rule as to uncertainty of damages, relates to uncertainty as to cause, and not to uncertainty of measure of extent.

**8. Damages** ⬉⟿6—**Injured party not deprived of remedy for breach because of difficulty of proving damages.**

Party injured by breach of contract must not be deprived of his remedy because of difficulties lying in way of proving his damages, and person breaking contract should not be permitted to reap advantage from his own wrong by insisting on proof which by reason of his breach is unobtainable.

**9. Damages** ⬉⟿6—**Reasonable certainty all that is required.**

Reasonable certainty is all that is required in proving damages; it not being necessary to show loss or damage with mathematical exactness.

**10. Sales** ⬉⟿418(14)—**Seller of pipe liable for oil loss during delay caused by breach.**

Seller of pipe for oil pipe line was liable for amount of oil which buyer failed to pipe off during delay caused by willful breach of contract to deliver pipe, even though buyer could not prove that it would not at some future period recover oil it could have produced and handled during delay period, especially where field was "wildcat."

**11. Damages** ⬉⟿96—**Jury allowed to use own judgment and discretion where damages incapable of exact ascertainment.**

In cases where damages are incapable of exact ascertainment, it is not necessary to place money estimate on amount of damages; jury being allowed to use their own judgment and discretion.

*On Motion for Rehearing.*

**12. Appeal and error** ⬉⟿1062(2)—**Refusal of special issue requesting special verdict harmless, if error.**

If it was error to refuse special issues requesting special directed verdicts as to certain items of damages, it was harmless, for, if there was no evidence to support them, court was compelled, as matter of law, to enter judgment for defendant

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by the Texhoma Oil & Refining Company against the South Chester Tube Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Lipscomb & Seideman, of Fort Worth, for appellant.

W. B. Hamilton, of Dallas, G. R. Pate, of Wichita Falls, and Phillips, Trammell & Chizum, of Fort Worth, for appellee.

COBBS, J. This suit was brought by appellee against appellant to recover damages for the alleged breach of a contract, dated July 18, 1921, for the sale and delivery at Allendale and Holliday, Tex., of 12 miles of 4-inch line pipe, at 40¼ cents per foot. The contract required the shipment to be made on or before July 23, 1921. On account of appellant's failure to ship the pipe in accordance with the contract, appellee was compelled to purchase pipe elsewhere at an aggregate cost of $570.24 more than the price it agreed to pay appellant for the same kind of pipe. It was also alleged because of appellant's breach of said contract appellee was delayed for a period of 14 days in the installation of its pipe line, during which time it was compelled to hire the Texas Pipe Line Company to transport 14,000 barrels of oil at a cost of 17½ cents per barrel, and that appellee could have transported the same through its own pipe line at a cost of 3 cents per barrel, and was damaged by said delay in an amount aggregating $2,030, for which, with interest at 6 per cent. from August 1, 1921, judgment was prayed.

It was further alleged, because of the 14 days' delay in completing the pipe line, appellee was compelled to "pinch in" its wells and keep down its production from 1,400 barrels of oil per day, or more, to 1,000 barrels of oil per day, or the amount which the Texas Pipe Line Company could and would transport from appellee's wells to its Wichita Falls refinery; that appellee lost in production 400 barrels of oil or more per day for a period of 14 days; that the market value of such unproduced oil was $1 per barrel, and appellee thereby suffered a loss of $5,600, for which, with 6 per cent. interest from August 1, 1921, it also prayed judgment.

The case was submitted to the jury upon very full special issues that covered every aspect of the case, and the findings were in favor of appellee; whereupon the trial court entered judgment in favor of appellee for $9,129.56 against appellant.

The appellant admitted the evidence was sufficient to sustain a finding that appellee was delayed for a period of 14 days in laying its pipe line by appellant's breach of the contract, and admits it also was sufficient to authorize a finding that during such period appellee was compelled to hire the Texas Pipe Line Company to transport 14,000 barrels of oil at a cost of 17½ cents per barrel, and limits its defense as set out in the eighth and ninth grounds of motion for new trial, which are covered by appellant's first and second assignments of error, as follows:

⬉⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"First Assignment of Error. The court erred in refusing to instruct the jury as follows: As to the difference between what the plaintiff claims it would have cost it to transport the oil through its own pipe line and the amount which the evidence shows it was compelled to pay the Texas Pipe Line Company for such transportation, sought to be recovered by plaintiff as damages herein, you will return a verdict in favor of the defendant."

"Second Assignment of Error. The court erred in refusing to instruct the jury as follows: As to the damages sought to be recovered by plaintiff, as the result of alleged loss of production, you will find for defendant."

Appellant makes only one proposition under both assignments as follows:

"Where, in an action for damages for breach of contract, no data sufficient to enable the jury to estimate with reasonable certainty the amount of plaintiff's loss are furnished, the latter cannot recover."

The field in which appellee's pipe line was to be laid was a new field, or what is sometime called "wildcat" field. The well in this new field was brought in about 10 weeks prior to the contract, and appellee's production had to be limited to 1,000 barrels per day, because that was all it could get transportation for from the Texas Pipe Line Company, which only had a two-inch line. Appellee's wells were surrounded by offset wells belonging to others producing from the same sands, and because of want of sufficient transportation appellee was required to hold back the flow of oil and "pinch in" the wells, which had the effect to cause oil to flow toward other operated set-offs and away from appellee's wells.

When the contract was entered into appellant had special notice of the necessity of a speedy completion of the contract, and had special notice of the damages that would be caused by the breach. It was informed, prior to the consummation of the contract, that appellee was paying 14½ cents more to the Texas Company per barrel than it could transport the oil by its own line, the element of delay being directly called to the attention of appellant, and it was advised as to the amount per barrel that it would cost appellee to continue transporting through the Texas Company's line, and the amount of oil that appellee could get transported by such carrier.

[1] These assignments are in violation of the rules. They each request an instructed verdict, which is not allowed in cases submitted on special issues. This case was submitted to the jury on a number of special issues, to which no complaint was made. There was no request for a general instruction on the whole case, but special requests limited to a request for a general instruction on the one issue.

[2] The verdict of a jury must, under our statutes, be either general or special. Articles 1982, 1987, Vernon's Sayles' Rev. Civ. Stat. 1914; Dwyer v. Kalteyer, 68 Tex. 554, 5 S. W. 75.

Since the case was submitted on special issues, the court properly refused to give the special instructions as contended, as to have done so would have required the jury to return a verdict partly general and partly on special issues. Holmes v. Uvalde Nat. Bank (Tex. Civ. App.) 222 S. W. 640, writ refused 226 S. W. xix; Lasater v. Lopez (Tex. Civ. App.) 202 S. W. 1039; Dwyer v. Kalteyer, 68 Tex. 554, 5 S. W. 75; Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; Pryor v. Scott (Tex. Civ. App.) 200 S. W. 909; I. & G. N. Ry. Co. v. Jones (Tex. Civ. App.) 175 S. W. 488; La Grone v. Chicago, R. I. & G. Ry. Co. (Tex. Civ. App.) 189 S. W. 99; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791; Hengy v. Hengy (Tex. Civ. App.) 151 S. W. 1127; Bridgeport Coal Co. v. Wise County Coal Co., 44 Tex. Civ. App. 369, 99 S. W. 409; Grimm v. Williams (Tex. Civ. App.) 200 S. W. 1119; I. & G. N. Ry. Co. v. Reek (Tex. Civ. App.) 179 S. W. 699; Rosser v. Cole (Tex. Civ. App.) 226 S. W. 510; Buchanan v. Williams (Tex. Civ. App.) 225 S. W. 59; Western Union Telegraph Co. v. McCormick (Tex. Civ. App.) 219 S. W. 270; Turner v. Missouri, K. & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204.

[3] Appellee's contentions that the contract made was breached, that it used due diligence to purchase other pipe, the additional cost of the other pipe, and that it was damaged by appellant's breach depending upon the testimony of interested witnesses, it was proper for the court to submit such issues to the jury. Mills v. Mills (Tex. Com. App.) 228 S. W. 919.

[4] It is also the province of the jury to determine whether plaintiff was entitled to interest, and the submission of that special issue was also proper. Morriss v. Hesse (Tex. Com. App.) 231 S. W. 317; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200; Southern Gas & Gasoline Engine Co. v. Adams & Peters (Tex. Com. App.) 227 S. W. 945.

[5] Again, appellant requested the court to instruct the jury:

"If you answer special issue No. 8 in the affirmative, then answer: How many barrels of oil, if any, were so lost by plaintiff?

"Answer: 8,400 barrels."

Appellant having requested the jury to ascertain how many barrels of oil were lost by appellee because of such breach, and the jury having found 8,400 barrels, appellant is bound by that finding, and is estopped to contend there was an entire lack of evidence to authorize the submission of the issues to the jury as to the amount of oil lost by appellee during the 14-day period caused by appellant's alleged breach of the contract. Southwestern Tel. & Tel. Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799; Moglia v.

Rios (Tex. Civ. App.) 200 S. W. 1133; Alamo Dressed Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721; Gosch v. Vrana (Tex. Civ. App.) 167 S. W. 757; Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011; Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Paris & G. N. Ry. Co. v. Flanders, 107 Tex. 326, 179 S. W. 263.

As stated, appellant called for the finding of the jury upon the very issue on which the judgment of the court is founded, in the exact language requested by appellant, and it is certainly estopped to say there was no evidence on the issue. Gosch v. Vrana, supra, and other authorities cited above.

Every phase and issue in the case was submitted to the jury for finding. Appellant has made no objection to any issue submitted to the jury, and seems satisfied with the same, and no attack is made upon the answer of the jury. The effect of appellant's position is that, in respect to one phase of the damages, the court shall take away from the jury and render a judgment on part of the verdict for appellant, and in respect to other findings the court shall approve the judgment. In other words, with a case tried upon special issues, the court shall approve a part, and as to that part of the judgment of the trial court not approved diminish and set aside and substitute the court's findings for the jury's, thereby setting aside part of the jury's findings and leaving the balance to stand approved.

[6] The law is well settled, a party on appeal who fails to assign error to the action of the court in refusing to set aside a special verdict cannot complain of the judgment on the ground that the findings are unsupported by the evidence.

The issue as to amount of damages recoverable for additional transportation charges on oil for 14-day period of delay could not be one for peremptory instruction. Appellant had notice prior to the contract that appellee would be required to pay additional transportation charges at 14½ cents per barrel for any delay.

It was shown at the rate appellee's wells produced when pipe line was laid, that the 1 cent per barrel allowed for depreciation would net $5,400 per year, a 6 per cent. depreciation reserve on $90,000, or a 10 per cent. reserve on $54,000. Calculating annual interest on such reserve at 6 per cent., in 10 years a reserve of $78,008.70 would have accumulated, enough to replace the entire pipe line at the outside figure of $85,000 as the cost of the line, and deduct $5,000 for right of way. Taking the lowest figure as the cost of the entire line, of $75,000, the reserve at the end of 10 years, the supposed length of its existence, would have built the line anew, right of way and all. If new development was limited to sufficient wells to keep constant runs, the allowance for depre-

ciation would have replaced the pipe line before it became obsolete. Being a new field, appellee could not reasonably be expected to show production for an indefinite time. We think these findings meet the objection and contention of appellant. The findings of the jury are supported by the facts.

[7] The rule as to uncertainty relates to uncertainty as to cause, and not as to uncertainty of measure of extent. Fraser v. Echo M. & I. Co., 9 Tex. Civ. App. 210, 28 S. W. 714; Payne v. Mt. Franklin Fuel & Feed Co. (Tex. Civ. App.) 234 S. W. 595; Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680; Crichfield v. Julia, 147 Fed. 65, 77 C. C. A. 297.

[8] The injured party must not be deprived of his remedy because of difficulties lying in the way of proving his damages, and the party who has wrongfully broken a contract should not be permitted to reap advantage from his own wrong by insisting on proof which, by reason of his breach, is unobtainable. Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680; Thayer-Moore Brokerage Co. v. Campbell, 164 Mo. App. 8, 147 S. W. 545; Hetzel v. B. & O. R. Co., 169 U. S. 26, 18 Sup. Ct. 255, 42 L. Ed. 648; Gilbert v. Kennedy, 22 Mich. 117.

[9] Reasonable certainty is all that is required, it not being necessary to show loss or damage with mathematical exactness. Williams v. Gardner (Tex. Civ. App.) 215 S. W. 981; Payne v. Mt. Franklin Fuel & Feed Co. (Tex. Civ. App.) 234 S. W. 595; Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680; Hetzel v. B. & O. R. Co., 169 U. S. 26, 18 Sup. Ct. 255, 42 L. Ed. 648.

[10] The primary purpose of the sale and purpose of the pipe was to enable appellee to produce and realize upon the additional oil which it could handle through its own line, and, even had the proof failed to show that appellee would not at some future period recover the additional oil it could have produced and handled during the delay period (which is not true under this record), appellant would still be liable for such amount of oil during the delay caused by its own willful breach of its contract. Daughetee v. Ohio Oil Co., 263 Ill. 518, 105 N. E. 308.

The proof in this case was clearly sufficient to support the judgment, it being impossible to prove with certainty the amount of oil drained from appellee's wells during the 14-day period of delay, especially in view of the fact that the field was "wildcat." Texas Co. v. Ramsower (Tex. Civ. App.) 255 S. W. 467; Texas Pacific Coal Co. v. Barker (Tex. Civ. App.) 252 S. W. 809; Daughetee v. Ohio Oil Co., 263 Ill. 518, 105 N. E. 308; Blair v. Clear Creek Oil & Gas Co., 148 Ark. 301, 230 S. W. 286, 19 A. L. R. 430; Bradford Oil Co. v. Blair, 113 Pa. 83, 4 Atl. 218, 57 Am. Rep. 442; Anvil Mining Co. v. Humble,

153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814; Payne v. Mt. Franklin Fuel & Feed Co. (Tex. Civ. App.) 234 S. W. 595; Grand Prairie Gravel Co. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680; American Const. Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013.

[11] In cases where damages are incapable of exact ascertainment, it is not necessary to place money estimate on amount of damages, the jury being allowed to use their own judgment and discretion. I. & G. N. Ry. Co. v. Stewart (Tex. Civ. App.) 101 S. W. 282 (inconvenience in getting to property caused by flood); G., H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 24 S. W. 269.

While it is hard to make the proof of damages of such an uncertain element as is presented in this case, the jury has settled all doubt in respect thereto in response to the issues that the court correctly submitted to them.

We find no reversible error assigned, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

We do not see any reason to recede from the original opinion, as there is nothing new in the motion. Appellant filed a motion for a directed verdict, though the case was submitted on special issues, which was overruled, obviously because there was evidence supporting appellee's contention, as well as not being in proper form. Then, by special charge No. 2, appellant seeks an instructed verdict as to the difference between what plaintiff claims it would have cost it to transport oil through its own pipe line and the amount which the evidence shows it was compelled to pay the Texas Pipe Line Company for such transportation. This would necessitate a finding of fact as to the difference. The third special charge directs the jury, as to damages sought to be recovered, the result of loss of production, to find for the defendant. And the fourth is, as to loss of profits plaintiff would have earned through the refining oil claimed to have been lost, to return a verdict for defendant. Each

one of these charges, besides being a charge for a general verdict, presupposes the necessity of a finding of fact on each issue.

Appellant first requests a general verdict on the ground that there is no evidence to support any verdict, and, failing in that, then by piecemeal seeks to have the court destroy appellee's case by denying any recovery of the difference between what plaintiff claims it would have cost it to transport the oil through its own pipe line and what he was compelled to pay the Texas Pipe Line Company for such transportation; then to deny the right of recovery "as the result of alleged loss of production; then deny recovery for loss of profits, which it is claimed he would have earned through the refining of oil claimed to have been lost by it." If such were permissible, the court could by one such instruction after another charge away the plaintiff's whole case.

This court, in Ry. v. Jones (Tex. Civ. App.) 175 S. W. 490, especially condemned such charges. These charges are unusual. The issues were disputed; had they not been, then a question of law for the court to pass upon would have arisen, in entering a judgment, since in such a case there would be nothing left for the jury to pass on. Guerra v. Garcia (Tex. Civ. App.) 258 S. W. 532.

[12] The court refused the several issues, each requesting a special directed verdict. These issues were unnecessary for any purpose, for, if there was no evidence to support them, the court was compelled, as a matter of law, to enter judgment for the defendant. The error, if any, was harmless.

Referring to special issue No. 8, requested: What was the purpose of securing it, and causing the special issue to be submitted to the jury, unless it were to bind some one by its answer. Surely it was not an idle request. However, we have discussed this charge in the opinion, and will let it rest at that.

We see no reason whatever to change our position in that matter, and the motion for a rehearing is overruled.